Nash, J.
 

 That deeds, for the separation of married persons, may, by the laws of England, be valid and effectual, to many purposes, cannot be doubted. The principle has been affirmed in too many cases in that country,, to be now safely questioned ; yet that they are at variance with sound policy has been often diselared by many of the ablest English Judges — by Lord Rosslyn in
 
 Legard
 
 v.
 
 Johnston,
 
 3d Vesey 358 — by Lord Eldon in
 
 Beard
 
 v.
 
 Webb, 2nd
 
 Bos. and Pul. 93, and in
 
 St. John v. St John,
 
 11th Vesey 526 — and by Lord Elleneorouuii in
 
 Rodney
 
 
 *533
 
 v.
 
 Chambers,
 
 2nd East 288, But if all these cases, decided in that country, upon that subject, be sustainable, they fall very short of being authorities in this.
 
 They
 
 are decisions, upon solemn deeds. To apply the principle tosueh a transaction as this, would be extending the evils complained of, to an alarming degree. It would be loosening another screw in the machinery of married life, marring its operations, weakening its obligations and producing discord and confusion, when peace and concord ought to reign. Without therefore intending to express any opinion upon the doctrine of the English Courts, or whether it is or is not to be introduced into this State, it is sufficient to say, the question does not arise here. A married woman cannot make a valid contract with her husband, except through the intervention of a third person,
 
 to
 
 whom the duty of enforcing it, in her behalf, belongs. It must be by deed to which she must be a party — as being deeply interested in the matter.
 
 Jones
 
 v.
 
 Waite,
 
 35th E. C. L. R. 130, 142. If it were not so, she would be entirely at the mercy of her husband, and might at any-mo* ment and without notice be driven from her home and stript of all her rights and privileges, as a wife and mother. There is no deed of separation here, and, if the con» tract had been reduced to writing, it is but a parol contract between the plaintiff and defendant, to which the wife of the former was not a party ; a contract, in substance, giving to the defendant liberty to harbor the wife for no definite period of time, conferring on the defendant no interest whatever, and revocable by either at any moment. It also secured to the plaintiff the right to cohabit, at the defendant’s house, with his wife, at anytime he pleased ; and it is shown by the case, that the plaintiff did visit her at the defendant’s house after the contract, as well as before, and cohabit with her. It was neither in form or substance a contract for a separation, but simply a license to harbor the wife and child, securing
 
 *534
 
 ihe defendant against any legal responsibility for so doing, until withdrawn. The defendant, therefore, was a wrong doer, not only in the original act of harboring, but also for the continuance of it, after the' withdrawal of the license by the defendant. But it is urged by the defendant, that if the contiact was but a license,a demand of his wife by the plaintiff was no revocation. The license, being by parol, could be put an end to by parol, upon the principle of law “eo
 
 ligamine quo ligalur.”
 
 Nor is there any special form, by which it shall be effected : anything said or clone by the party giving the license, which notifies to the person enjoying it, that it is revoked, is sufficient. The authorities, cited by the defendant’s counsel on this point, do not sustain him. The reference to 1st Ch. Gen. Brae. p. 134 is incorrect as to the page; there is nothing thereon thatsubject. The cases from the English common law reports are rather authorities against him. That of
 
 Carpenter
 
 v.
 
 Blandford,
 
 from the 15th vol. was in assumpsit, to recover a deposit of money for failing to execute a contract for the purchase of a public house and furniture, the whole to be valued by appraisers on a particular day. At the time appointed, the plaintiff’s appraiser informed the defendant, that he could not meet on that day, but could the next. No objection was made. On the next day, the plaintiff appeared on the premises with his appraiser, when the defendant declined
 
 going on
 
 •with the business, and informed the plaintiff he ought to have come the day before — he was too late. The only point decided, that the defendant, in not notifying the plaintiff, when informed that his appraiser could not attend on the day appointed, that he would insist upon a performance of the contract agreeable to its terms, that he had waived his right to do so as a forfeiture, is
 
 '‘strictissimi juris.”
 
 The case of
 
 Lewis
 
 v. Pondsford, from the 34th E. C. L. R. 585, was an action of
 
 “quare clausum fregit.”
 
 The defendant had executed with his wife a
 
 *535
 
 deed of separation, but it was not executed by the trustee. The trespass consisted, in entering the house of the plaintiff, against her will, in search of his wife. The Court decided, that by the deed, a license was given to the wife, to live where she pleased. After this license, the Court say, “that he could not go to any person’s house to retake her; he should at least have given notice to persons that he revoked the license.” This is an authority tending to show, that, although the defendant had executed the deed, yet it operated only as a license to the wife and could be revoked by parol. The case of
 
 Warrender
 
 v.
 
 Wenrender,
 
 2nd Clark and Finelly 561, is to the same effect. There Lord Brougham declares, that — notwithstanding a deed of separation had been executed, the husband had a right to reclaim his wife — his language is “no pledge can bind the party, not to reclaim his or her conjugal rights; foi^such pledge is against the inherent condition of the married state, and against public policy.” The plaintiff in this case, his license being by parol, had a right to reclaim his wife. His demand was a revocation of his license to the defendant, to harbor her, and he was a wrong doer in refusing to do so.
 

 Finally, the defendant insists, that the plaintiff has misconceived his action, and ought to have sued in trespass. Mr. Chitty in the 1st Yol. of his treatise on pleadings, page 91, says that trespass is the appropriate remedy for seducing away a wife ; or seducing a daughter; but he does not say that it is, in either case, the only remedy ; and on the same page he states, that for the latter offence, it has been
 
 usual
 
 to declare in case.
 

 The same principles govern the action for each injury; the legal inability of the wife or child to assent to the act. Where the injury is both immediate and consequential, either action can be supported — page 147. If there be a doubt as to the form'of the action in this case, it is whether
 
 *536
 
 the plaintiff could have maintained trespass
 
 for a
 
 detention, even after demand.
 

 His Honor instructed the jury that for a detention of the wife before the 11th of June A.l). 1842, the plaintiff was not entitled to any damages, as three years had elapsed from that time, before the action was brought, which wason the 11th of June A. D. 1845, and that for the detention between the 11th of June 1842, and the making of the contract, an action would lie. In both these points no error is perceived. He further charged, that the contract was valid, and no demand, on the part of the plaintiff, for the surrender of his wife, would give him a caiise of action after its execution. In the latter part of the proposition there is error : for which a
 
 venire de novo
 
 ought to issue.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo.